IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

JAMES HARRY HERBERT )
BORDAGES, JR. )
 )
    Plaintiff, )
 )
vs. ) No. 19-cv-02353-JTF-dkv
 )
FRED THORNE, )
District Judge of )
Crittenden County Arkansas, )
 )
    Defendant. )

---

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

---

On May 30, 2019, James Harry Herbert Bordages, Jr. ("Bordages"), a resident of Memphis, Tennessee, filed a *pro se* "Petition for Writ of Mandamus" against Fred Thorne ("Thorne"), "District Judge of Crittenden County, Arkansas."[1] (Compl., ECF No. 1.) On June 11, 2019, Bordages filed a motion to proceed *in forma pauperis*, (ECF No. 5), which the court granted on June 12, 2019. (ECF No. 6). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the following reasons,

---

[1]The Crittenden County Municipal Court website identifies Thorne as a "municipal judge." http://www.westmemphisar.gov/207/Municipal-Court.

it is recommended that this action be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

## I.   PROPOSED FINDINGS OF FACT

This case arises out of the suspension of Bordages's Tennessee driver's license in Arkansas for traffic violations. In his petition for mandamus, Bordages claims that he was stopped in 2014 by highway patrol in Arkansas for speeding and was charged with reckless driving and driving under the influence ("DUI") offenses. (Compl. 4, ECF No. 1.) Because he refused to comply with the blood alcohol test or submit a urine sample, Bordages received an automatic six-month suspension of his driver's license pursuant to Arkansas law. (*Id.* at 4-5.) Bordages alleges that he mailed a motion to dismiss the reckless driving and DUI charges to the District Court for Crittenden County, Arkansas ("District Court") on April 2, 2019, but that his motion was neither filed nor processed. (*Id.* at 2, 3, 6.) Instead, Deputy Clerk Raina Franks ("Franks") for the West Memphis District Court in West Memphis, Arkansas informed Bordages that, because of his "outstanding warrant," the district court could not fulfill his request. (Ex. C, ECF No. 1-3.) Franks advised Bordages to turn himself in "to take care of this situation." (*Id.*) Bordages claims that Franks's refusal to file his motion was "an arbitrary decision . . . which is not within her jurisdiction . . . ." (Compl. 3, ECF No. 1.)

Bordages then filed a Rule 9 Petition for Writ of Mandamus with the Crittenden County Circuit Court ("Circuit Court") on April 23, 2019.  (Ex. D, ECF No. 1-4.)  In the Rule 9 petition, he requested that the Circuit Court dismiss the alleged offenses pursuant to the Arkansas statute of limitations, Ark. Code Ann. § 5-1-109(b)(3)(A).  (*Id.* at 3.)  The Rule 9 petition was filed and forwarded to the West Memphis City Attorney's Office.  (Ex. E, ECF No. 1-5.)  Bordages claims that the Circuit Court took no further actions on his Rule 9 petition.  (Compl. 3-4, ECF No. 1.)

Bordages then filed the instant petition for a writ of mandamus in this court naming Thorne as the only defendant.  In the petition, he asks this court to issue a writ of mandamus directing Thorne to dismiss Bordages's alleged offenses and remove the suspension on his license and compelling the Arkansas authorities to perform their job duties.  (*Id.* at 7.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening of Bordages's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. <u>Standard of Review for Failure to State a Claim</u>

In assessing whether Bordages's complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still

4

requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Paynes's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral

5

arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C.  Subject Matter Jurisdiction

At the outset, the court must determine whether it has subject matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)(citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the court determines it lacks jurisdiction to hear a case, the court must dismiss the case without prejudice. Fed. R. Civ. P. 41(b).

In his petition, Bordages asserts that this court has jurisdiction under two federal statutes: (1) "original jurisdiction" under 28 U.S.C. § 1361, and (2) "further jurisdiction" under the "All Writs Act" under 28 U.S.C. § 1651(a). (Compl. 1, ECF No. 1).

The court lacks jurisdiction under 28 U.S.C. § 1361. That statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an

6

officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* "The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue . . . ." *Donerson v. Shelby County Gov't*, No. 2:15-cv-02362-STA-dkv, 2015 U.S. Dist. LEXIS 180303, at *11 (W.D. Tenn. Aug. 4, 2015)(citing *Macsko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)(dismissing mandamus petition for lack of subject matter jurisdiction because "neither the State of Tennessee nor the Criminal Court judge is 'an officer or employee of the United States or an Agency thereof.'")). A district court may not issue a writ of mandamus pursuant to 28 U.S.C. § 1361 where the defendant is a state official. *Edwards v. Prelesnik* No. 10-2005, 2011 U.S. App. LEXIS 26437, at *4 (6th Cir. Aug. 9, 2011). Because Thorne is not "an officer or employee of the United States or an Agency thereof," Bordages has failed to state a claim under 28 U.S.C. § 1361 and the court therefore lacks subject matter jurisdiction under 28 U.S.C. § 1361.

Similarly, the All Writs Act does not provide the court with subject matter jurisdiction. The All Writs Act states: "All courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). This includes writs in the nature of mandamus, but "[i]t is well settled that a federal court has no general jurisdiction

7

to issue writs of mandamus where that is the only relief sought." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (citations omitted). Here, a writ of mandamus is the only relief sought. Moreover, federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Id.* See also *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984)(establishing that the Eleventh Amendment bars federal courts from ordering state officers to comply with state law in performance of their duties). Thus, the All Writs Act does not provide the court with subject matter jurisdiction.

Accordingly, this court lacks subject matter jurisdiction over Bordages's petition for writ of mandaumus.

D.  *In Personam* Jurisdiction

This court also lacks personal jurisdiction over Thorne. Courts may exercise personal jurisdiction over a defendant where that defendant has "certain minimum contacts" with the forum state such that the exercise of personal jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be either specific or general, depending on the nature of the defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

General personal jurisdiction is appropriate where the defendant's contacts with the forum state are so "continuous and systematic" that jurisdiction is proper, even when the suit does not arise out of the defendant's actions or contacts within the forum state. *Helicopteros*, 466 U.S. at 414. Here, Bordages has not presented any contacts that Thorne has made with the state of Tennessee that were so "continuous and systematic" as to make jurisdiction proper. Based on Bordages's allegations, the only feasible contact between Thorne and Tennessee occurred when Bordages mailed Thorne his motion requesting the dismissal of traffic violations. (Compl. 2-3, ECF No. 1.) That contact between Bordages and Thorne is insufficient to meet the "continuous and systematic" standard outlined in *Helicopteros*. Consequently, the exercise of general personal jurisdiction over Thorne is improper in this case.

A court may exercise specific personal jurisdiction over a defendant where that defendant has sufficient minimum contacts in the forum state that arise out of or directly relate to the cause of action. *Williams v. Firstplus Home Loan Owner Trust*, 310 F. Supp. 2d 981, 991 (W.D. Tenn. 2004). Specifically, the plaintiff must demonstrate that (1) the defendant "purposely availed" himself of the privilege of acting in the forum state or deliberately caused an outcome in the forum state, (2) the defendant's activities in the forum state gave rise to the cause

of action, and (3) the defendant's acts or consequences have a substantial enough connection with the forum state to make exercise of jurisdiction reasonable. *Id.* The "purposeful availment" requirement prevents a defendant from being summoned into court for random or fortuitous contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). In determining whether a particular exercise of jurisdiction is consistent with due process, the inquiry must focus on "the relationship among the defendant, the forum, and the litigation." *Rush v. Savchuk*, 444 U.S. 320, 327 (1980) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204). Moreover, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277 (2014). "It is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* (citations omitted).

Here, Bordages has failed to establish that Thorne purposefully availed himself such that he is subject to this court's exercise of personal jurisdiction. Thorne neither acted nor caused an outcome in Tennessee that gave rise to this cause of action. On the contrary, Bordages is the only connecting factor between Thorne and Tennessee. Therefore, this court may not exercise specific personal jurisdiction over Thorne.

Personal jurisdiction over Thorne is also not available under Tennessee's long arm statutes, which provide a list of out-of-

10

state actions that allow for personal jurisdiction to be exercised over a non-resident defendant. Tenn. Code Ann. §§ 20-2-214 and 223 specify actions which allow the exercise of personal jurisdiction over Tennessee non-residents.[2] Specifically, most of the actions must occur in Tennessee, such as "transacting any business" or the "causing tortious injury by an act or omission" in this state. Tenn. Code Ann. § 20-2-223(a). Bordages has not alleged in his complaint that Thorne committed any of the actions enumerated in Tennessee's long arm statutes; in fact, the events discussed in the complaint occurred exclusively in Arkansas. Thus, this court lacks any basis to exercise personal jurisdiction over Thorne.

E.   Improper Venue

Finally, venue does not lie in the Western District of Tennessee. A court may dismiss on venue grounds under § 1915 when improper venue is "'obvious from the face of the complaint and no

---

[2] Those actions include: "(1) [t]he transaction of any business within this state; (2) Any tortious act or omission within this state; (3) The ownership or possession of any interest in property located within this state; (4) Entering into any contract of insurance, indemnity or guaranty covering any person, property or risk located within this state at the time of contracting; (5) Entering into a contract for services to be rendered or for materials to be furnished in this state; (6) Any basis not inconsistent with the constitution of this state or of the United States; (7) Any action of divorce, annulment or separate maintenance where the parties lived in the marital relationship within this state. . . ." Tenn. Code Ann. § 20-2-214 (2009).

11

further factual record is required to be developed.'" *Cox v. Rushie*, C.A. No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013)(emphasis added)(quoting *Trujillo v. Williams*, F.3d 1210, 1217 (10th Cir. 2006)); see also *Uzamere v. United States*, No. 13-505 S., 2013 WL 5781216, at *18 (D.R.I. Oct. 25, 2013)("While improper venue is not usually a reason to dismiss a complaint at the screening stage, when Plaintiff has knowingly chosen an improper venue and improperly stacked her Amended Complaint with Defendants against whom she has no claims to avoid the District where venue would properly lie, such manipulation is sufficient to justify dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (citing, *inter alia, Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)).

28 U.S.C. § 1391 governs venue of all civil actions brought in the district courts of the United States. It provides that a suit may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are resident of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Thorne is sued only in his official capacity as a judge in Crittenden County, Arkansas. (Compl. 1, ECF No. 1.) The residence of an agent or a public official sued in his or her official capacity is "the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972)(citing 1 Moore's Federal Practice 1487-88); *see also Phillip v. Dozier*, No. 2:16-cv-02072-JTF, 2016 WL 2731682, at *1-2 (W.D. Tenn. May 10, 2016)(adopting the Magistrate Judge's finding of improper venue and stating that: "The Defendants are public officials being sued in their official capacity.  Therefore, their residence would be considered the judicial district in which they perform their official duties."); *Harris v. Kasich*, No. 1:11CV311, 2011 WL 646748, at *3 (N.D. Ohio Feb. 15, 2011)(finding that the Governor of Ohio and other government employees conducted their official business in the Ohio Statehouse, the Ohio Senate, and the State Board of Education, which were situated in Columbus, Ohio, making the Southern District of Ohio the proper district).

For purposes of venue, Thorne's residence is Crittenden County in the Eastern District of Arkansas where he conducts his official business. Pursuant to § 1391(b)(1)-(2), venue is improper because Thorne is not a resident of Tennessee and the events giving rise to the claim did not occur within the Western District of

13

Tennessee. Venue is also improper under § 1391(b)(3), as Thorne is not subject to this court's personal jurisdiction.

28 U.S.C. § 1406(a) provides that if the plaintiff files a case in the wrong division or district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The court has broad discretion in deciding whether to dismiss or transfer a case. *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). Because the impropriety of the current venue is apparent from the face of the complaint and because Bordages has filed a petition for mandamus in Arkansas, the court recommends dismissal of Bordages's complaint without prejudice. *See Friend v. Sowders*, No. 93-5338, 1993 WL 389813, at *2 (6th Cir. Oct. 1, 1993)(upholding a decision dismissing, rather than transferring, for improper venue).

### III. RECOMMENDATION

For the foregoing reasons, the court recommends this case be dismissed *sua sponte* for failure to state a claim on which relief may be granted pursuant to 28 U.S.C.1915(e)(2)(B)(ii), lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and improper venue pursuant to 28 U.S.C. § 1406(a).

Respectfully submitted this 1st of August, 2019.

                        s/Diane K. Vescovo
                        DIANE K. VESCOVO
                        CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommend disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.