**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

_____

| | | |
|---|---|---|
| **JAMES HARRY HERBERT BORDAGES, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 2:19-cv-02353-JTF-dkv** |
| | ) | |
| **FRED THORNE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

_____

Before the Court is Plaintiff James Harry Herbert Bordages, Jr.'s *pro se* Complaint against Defendant Fred Thorne filed on May 30, 2019.  (ECF No. 1.)  Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis*, which was granted on June 12, 2019.  (ECF No. 6.)  The Magistrate Judge, upon screening Plaintiff's Complaint, entered a Report and Recommendation suggesting dismissal of the Complaint for failure to state a claim, lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.  (ECF No. 7.)  Plaintiff filed untimely Objections on August 22, 2019.  (ECF No. 8.)  For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** Plaintiff's Complaint.

**FACTUAL HISTORY**

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, Proposed Findings of Fact in this case.  (ECF No. 7, 2–3.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a Magistrate Judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

<u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff

has been granted leave to proceed *in forma pauperis* until the complaint has been screened under

28 U.S.C. § 1915(e)(2)(B). LR 4.1(b)(2). Specifically, courts are required to screen *in forma*

*pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is

untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be

granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2).

<u>Standard of Review for Failure to State a Claim</u>

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted,

the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57

(2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded

allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint

to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380,

383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although

not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards

than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*,

631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se*

litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim

that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012

U.S. Dist. LEXIS 93372, at \*16 (W.D. Tenn. July 6, 2012).

## ANALYSIS

The Court agrees with and adopts the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and improper venue. Plaintiff makes no specific objections to any of the Magistrate Judge's recommendations; he only makes a general objection that he "disagrees with the courts findings . . . ." (ECF No. 8, 1.) When only general objections are filed, a district judge should adopt the findings and rulings of the magistrate judge. *Brown*, 47 F. Supp. 3d at 674

Subject Matter Jurisdiction

As found by the Magistrate Judge, the Court lacks subject matter jurisdiction. Plaintiff asserts in his Complaint that this Court has jurisdiction under two federal statutes—(1) "original jurisdiction" under 28 U.S.C. § 1361, and (2) "further jurisdiction" under the "All Writs Act" pursuant to 28 U.S.C. § 1651(a). (ECF No. 1, 1.) The Court agrees with the Magistrate Judge's recommendation that this Court lacks jurisdiction pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." This Court cannot issue a writ of mandamus where the defendant is a state official. *Edwards v. Prelisnik*, No. 10-2005, 2011 U.S. App. LEXIS 26437, at *4 (6th Cir. Aug. 9, 2011) (citing 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added))). Here, Thorne is a state official, as he is a "District Judge of Crittenden County Arkansas." (ECF No. 1, 1.) Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff has failed to state a claim

under 28 U.S.C. § 1361 and that therefore the Court lacks subject matter jurisdiction under 28 U.S.C. § 1361.

The Court also adopts with the Magistrate Judge's recommendation that the All Writs Act does not provide this Court with subject matter jurisdiction. "It is well settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Furthermore, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Id.* Here, the only relief sought by Plaintiff is a writ of mandamus to direct Thorne to dismiss Plaintiff's alleged offenses and remove the suspension on his license and to compel the Arkansas authorities to perform their job duties. (ECF No. 1, 7.) Accordingly, the Court adopts the Magistrate Judge's recommendation that the All Writs Act does not provide the Court with subject matter jurisdiction.

Personal Jurisdiction

A court may exercise personal jurisdiction over a defendant if the defendant has "minimum contacts" with the forum state and the exercise of personal jurisdiction would "not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citation omitted). There are two types of personal jurisdiction—general and specific.

"General jurisdiction exists when a defendant's 'contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state.'" *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005) (citation omitted). Here, Plaintiff has not presented any contacts that Thorne made with the state of Tennessee that were continuous and

systematic. The Court adopts the Magistrate Judge's recommendation that this Court lacks general personal jurisdiction over Thorne.

Specific jurisdiction is properly exercised "where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Id*. The plaintiff must demonstrate that (1) the defendant purposefully availed himself of the privilege of acting in the forum state or deliberately caused an outcome in the forum state, (2) the cause of action arose from the defendant's activities in the forum state, and (3) the defendant's activities or consequences of activities have a substantial enough connection to the forum state to make the exercise of specific jurisdiction over the defendant reasonable. *Id*. The purposeful availment requirement "ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998) (citation omitted). Here, Thorne did not purposefully avail himself of the privilege of acting in Tennessee. There are no allegations suggesting that Thorne acted or caused an outcome in Tennessee that gave rise to this cause of action. While Plaintiff is a resident of Tennessee, that contact "cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The Court adopts the Magistrate Judge's recommendation that this Court lacks specific personal jurisdiction over Thorne.

Lastly, the Court agrees with the Magistrate Judge's recommendation that personal jurisdiction over Thorne is not available pursuant to Tennessee's long-arm statutes. Tennessee's long-arm statutes provide a list of out-of-state actions allowing for personal jurisdiction to be exercised over a non-resident defendant. Such actions are enumerated in Tenn. Code Ann. §§ 20-2-214 and 223. Here, Plaintiff has not alleged in his complaint that Thorne committed any of the

6

actions listed in Tennessee's long arm statutes. Rather, the events Plaintiff takes issue with all occurred in Arkansas. The Court adopts the Magistrate Judge's recommendation that this Court lacks any basis to exercise personal jurisdiction over Thorne.

Improper Venue

As found by the Magistrate Judge, the Western District of Tennessee is not the proper venue for this case. "A court may dismiss on venue grounds under § 1915 when improper venue is '*obvious from the face of the complaint* and no further factual record is required to be developed.'" *Brent v. Hyundai Capital Am.*, No. 2:14-cv-02600-STA-dkv, 2014 U.S. Dist. LEXIS 176197, at *6 (W.D. Tenn. Oct. 2, 2014) (citation omitted) (emphasis in original). The question of whether venue is proper is governed by 28 U.S.C. § 1391. It provides three places in which a civil action may be brought:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). A public official, such as a judge, being sued in his official capacity resides in "the judicial district where he maintains his official residence, that is, where he performs his official duties." *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

Here, Thorne is being sued in his official capacity as a judge in Crittenden County, Arkansas. (ECF No. 1, 1.) Thus, Thorne in his official capacity is a resident of Crittenden County in the Eastern District of Arkansas. Venue is improper pursuant to § 1391(b)(1) and (2) because Thorne does not reside in the Western District of Tennessee and no part of the events giving rise to Plaintiff's Complaint occurred in the Western District of Tennessee. Furthermore, venue is

improper pursuant to § 1391(b)(3) because as previously explained, Thorne is not subject to personal jurisdiction in the Western District of Tennessee.

In the event venue is improper, a district court in which a case is improperly "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court has broad discretion in deciding whether to dismiss or transfer a case filed in the wrong division or district. *Stanifer v. Brannan*, 564 F.3d 455, 456–57 (6th Cir. 2009). While Plaintiff did file "Objections," he did not specifically object to this finding. (ECF No. 8.) Because Plaintiff made no specific objection, the Court adopts the Magistrate Judge's recommendation to dismiss without prejudice. *See Brown*, 47 F. Supp. 3d at 674 (holding that a district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed).

## CONCLUSION

Upon a *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure, lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and improper venue pursuant to 28 U.S.C. § 1406(a).

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal with the district clerk.

**IT IS SO ORDERED** this 6th day of February 2020.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE